## Towanda Borough *v.* Mingos et al., Appellants.

*Negligence—Sidewalks—Borough—Liability of owner to borough for judgment against borough—Remote and proximate cause.*

1. Where the owners of a sidewalk, who had erected barriers about it to keep off the public during a building operation, remove the barriers and put down a plank sidewalk at the request of the burgess to "fix up" the sidewalk temporarily for a celebration, and a person is injured by breaking through a defective plank, the owners will be liable to the borough for the amount of a judgment paid by it to the person injured.

2. The owners' use of a defective plank was the proximate cause of the injury. The removal of the barriers was the remote cause.

3. The request of the burgess to remove the barriers, did not give the owners license to construct the sidewalk improperly.

4. Nor did the fact that a commissioner of the borough happened to have the carelessness of the owners called to his unofficial attention, release them from the obligation to repay the borough the amount which their negligence cost it.

Argued March 14, 1921. Appeal, No. 252, Jan. T., 1921, by defendants, from judgment of C. P. Bradford Co., Dec. T., 1918, No. 184, on verdict for plaintiff, in case of Towanda Borough v. John S. Mingos and F. L. Van Horn. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass to recover amount of judgment paid by plaintiff to party injured through alleged negligence of defendants. Before MAXWELL, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,303.05. Defendants appealed.

*Error assigned,* among others, was refusal of judgment for defendants n. o. v.

*Joseph W. Beaman,* with him *C. E. Sprout,* for appellants.

*Benjamin Kuykendall, J. Roy Lilley* and *Wm. P. Wilson,* for appellee, were not heard.

PER CURIAM, April 18, 1921:

Towanda Borough, plaintiff, having paid a judgment obtained against it by Jessie D. Brennan, in an action of trespass for injuries received by her from a fall on a sidewalk, brought this suit to recover over against Mingos and Van Horn, owners of the abutting land.

The walk where the accident occurred was constructed over a depression in the ground, and supported by trestling; during certain building operations on defendants' property, in the summer of 1914, they erected barriers to keep the public off; this condition continued until Friday, September 4, 1914; on the evening of that day, F. J. Kingley, burgess of the borough, went to the premises and found both Mingos and Van Horn there; he told one of them that, the following Monday, Labor Day, it was proposed to have a celebration on the street in front of their property, and he wanted, or would like to have, the walk "fixed up," temporarily, for use by the public; the sidewalk in question had to be replaced, so defendants decided to lay it in such manner as to furnish a form which could subsequently be employed in the construction of a concrete pavement; they accordingly lowered the supports, relaying the walk about five inches below its previous level, and, on Labor Day, it was in public use; on the evening of that day, September 7, 1914, while Mrs. Brennan was passing over the place of the accident, a plank broke beneath her, and one foot and leg went through the aperture; she was thrown violently, sustaining the injuries for which she afterwards recovered against the borough, and for the payment of which the latter was allowed to recoup itself in the present action.

The trial judge instructed the jury that plaintiff was entitled to a verdict, which was rendered accordingly, and this appeal is by defendants from a judgment thereon.

Appellants contend that, if negligence existed, the borough actively participated therein, by requesting defendants to "fix up" and open the walk to the public for an occasion when it would be subjected to special strain; that, without this request, it would have remained barricaded, and the public would have been excluded until the concrete pavement was laid; second, if there were defective supporting planks, a commissioner had actual knowledge thereof, and the burgess had "looked the premises over," therefore the negligence of the borough was, under the circumstances, as great as, or greater than, that of the property owners.

The court below was right in holding "defendant's use of a defective plank in building their walk" was the proximate cause of the injury to Mrs. Brennan, and "the taking down of the barriers was but a remote cause"; in fact, it appears that the reconstruction took place after the barriers were removed. Without considering the authority of the burgess to bind plaintiff, by his request that defendants should remove the barriers, which is questionable, that request would not give the latter license to construct their sidewalk improperly; nor would the fact that a commissioner happened to have Mingos's and Van Horn's carelessness called to his unofficial attention release them from the obligation to repay to plaintiff the amount which their negligence cost it.

The judgment is affirmed.